UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| SHIRLEY BARKLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-760 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| RICHARD MAY, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | |
| | ) | |

      This is a civil action brought by a *pro se* plaintiff. The named defendant is Judge Richard May of the 90th District Court, Charlevoix County, Michigan. This lawsuit stems from longstanding state-court zoning violation litigation in which Judge May was the presiding judge. The district court docket sheet that plaintiff attached as Exhibit B to her first amended complaint (docket # 7) shows that Lyle E. Barkley, apparently a member of plaintiff's family, received a citation on or about December 11, 2002, for Bay Township zoning violations. On September 11, 2003, defendant entered a judgment ordering that two manufactured homes, two storage tanks, and stumps be removed from a certain parcel of real property on Camp Daggett Road in Charlevoix County. An appeal of this judgment to the circuit court was unsuccessful. On November 16, 2004, the Michigan Court of Appeals issued an order denying a delayed application for leave to appeal. *See Charlevoix County Bldg. Dep't v. Barkley*, No. 256198 (Mich. Ct. App. 2004). On September 28, 2005, the Michigan Supreme Court denied an application for review, and on October 19, 2005, it denied a motion for reconsideration. *See Charlevoix County Bldg. Dep't v. Barkley*, No. 128053

(Mich. 2005). Plaintiff filed her initial complaint in this court less than a month later on November 10, 2005. The court issued an order on November 16, 2005, dismissing plaintiff's initial complaint, but provided plaintiff with an opportunity to file an amended complaint within 30 days. (docket # 6). Plaintiff filed her amended complaint on December 12, 2005. (docket # 7). Plaintiff's amended complaint seeks $30 million in damages.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of her indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *See Benzon v. Morgan Stanley Distrib., Inc.*, 420 F.3d 598, 605 (6th Cir. 2005); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the court concludes that plaintiff's *pro se* action is indisputably meritless. The complaint will therefore be dismissed for lack of jurisdiction and failure to state a claim under federal law.

**Discussion**

To the extent that plaintiff seeks to overturn the state-court judgment, this court lacks jurisdiction. Federal courts are courts of limited jurisdiction. *See Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005). The court does not possess direct oversight powers over Michigan's trial courts. *See District of Columbia Circuit Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Howard v. Whitbeck*, 382 F.3d 633, 639 (6th Cir. 2004); *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.2d 929, 937(6th Cir. 2002). The avenue available to plaintiff after unsuccessful appeals in the state-court system was to petition the United States Supreme Court for a writ of certiorari. To the extent that plaintiff is alleging harm arising from the state-court judgment itself, this court lacks subject-matter jurisdiction.

To the extent that plaintiff is seeking to hold Judge May personally liable for a violation of civil rights arising from his judicial rulings, Judge May is entitled to absolute judicial immunity on plaintiff's claims. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Pierson v. Ray*, 386 U.S. 547 (1967); *Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001). An examination of plaintiff's allegations reveals that all of Judge May's challenged actions were done in his role as presiding judge. Plaintiff contends that the judge's substantive and procedural rulings violated her federal rights. This is precisely the kind of claim that is barred by the doctrine of judicial immunity.

**Conclusion**

For the reasons set forth herein, this lawsuit will be dismissed for lack of jurisdiction and for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). On the

same grounds, the court certifies that any appeal of this decision would be frivolous and brought in bad faith, 28 U.S.C. § 1915(a)(3), and will deny plaintiff leave to appeal *in forma pauperis*.


Date:   December 20, 2005              /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE